UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MATTHEW LUONG, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 3:18-cv-00448 |
| | § | |
| v. | § § § | |
| VERIGENT, LLC, Defendant. | § § § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

1.  Defendant Verigent, LLC. ("Defendant") improperly disguised wage payments to Plaintiff Matthew Luong ("Plaintiff") as "per diems." As a result, the improperly classified "per diem" payments were excluded from the regular rate of pay of the Plaintiff and thus, he was not paid overtime at the rate of time and one half his regular rate of pay for all hours worked over 40 in a workweek.

2.  Additionally, Defendant failed to pay Plaintiff for all hours worked. Plaintiff was required to submit his time records showing the hours he worked per day. However, when the hours he worked exceeded the amount Defendant was allocated under the contracts with its customers, Plaintiff was not paid for those additional hours worked. Thus, Plaintiff was not paid overtime at the rate of time and one half his regular rate of pay for all hours he worked over 40 in a workweek.

3.  Defendant's conduct violates the Fair Labor Standards Act, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek

1

at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District because Defendant does significant business in this District, employs workers in this District, and many of the wrongs herein alleged occurred in the District. Indeed, Plaintiff worked and was denied overtime wages in this District. Defendant is subject to personal jurisdiction in this state because it employed workers, including Plaintiff, owns property in Texas, conducts business in Texas, and specifically markets to Texas residents.

## PARTIES AND PERSONAL JURISDICTION

6. Plaintiff Matthew Luong is an individual residing in Brazoria County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

7. The FLSA Class Members are all current and former Field Technicians, Field Integrators, Field Installers, and all employees in substantially similar positions, paid an hourly rate of pay and a per diem at any time during the three-year period before the filing of this Complaint to the present.

8. Defendant Verigent, LLC, is a limited liability corporation organized under the law of North Carolina. Defendant may be served process through its registered agent

Kevin Kiernan at 149 Plantation Ridge Drive Suite 100, Mooresville, North Carolina, 28117-9176.

## COVERAGE

9.  At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

10. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

11. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

12. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

13. At all material times, Plaintiff and the FLSA Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

## FACTS

14. Defendant is a staffing company that assigns workers to companies in the telecommunications industry. Defendant's website states: "Verigent recruits top talent in the Telecom and IT industry, offering contract staffing, contract-to-permanent and permanent placement." As part of its services, Defendant provides workers to install

equipment, take measurements, and integrate cellular towers throughout the United States, including in Texas, Florida, and North Carolina.

15. Plaintiff and the FLSA Class Members were manual laborers who performed the physical work of repairing, installing, testing, and integrating telecommunications equipment.

16. Plaintiff and the FLSA Class Members worked long hours, often through the night, to perform their work.

17. Plaintiff and the FLSA Class Members routinely worked in excess of 40 hours each week.

18. Plaintiff and the FLSA Class Members were non-exempt employees.

19. Plaintiff worked for Defendant as a Field Technician from approximately August 2017 to December 2017.

20. For his work for Defendant, Plaintiff was paid an hourly rate of pay plus various additional payments that Defendant disguised as reimbursements for expenses that were excluded from the regular rate of pay for overtime purposes.

21. Plaintiff and the FLSA Class Members were paid (1) a car allowance, (2) a per diem, (3) a cell phone allowance, and (4) a mileage reimbursement. Indeed, these "expense reimbursements" exceed the amount paid to Plaintiff that were classified as wages.

22. Defendant illegally classified these payments as an expense reimbursement instead of as wages.

23. These payments constitute wages as a matter of law because the amounts paid by Defendant were based upon the number of hours worked. That is, the per diems were not based upon actual expenses, but were based upon hours worked. In these circumstances, the per diem is a wage payment that must be included in the regular rate of pay. *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036 1041-42 (5th Cir. 2010).

24. Even if these payments were not based upon the number of hours worked, they still should have been included in the regular rate of pay. There is a two part test to determine whether an expense reimbursement constitutes wages that must be included in the regular rate of pay. First, the determination must be made as to whether the payment is primarily for the **benefit or convenience** of the employee versus the employer. If the expense payment is primarily for the "benefit or convenience" of the employee, then the payment constitutes wages as a matter of law.

> Section 778.217(d) states as follows:
>
> The expenses for which reimbursement is made must, in order to merit exclusion from the regular rate under this section, be expenses incurred by the employee on the employer's behalf or for his benefit or convenience. **If the employer reimburses the employee for expenses normally incurred by the employee for his own benefit, he is, of course, increasing the employee's regular rate thereby**. An employee normally incurs expenses in traveling to and from work, buying lunch, paying rent, and the like. **If the employer reimburses him for these normal everyday expenses, the payment is not excluded from the regular rate as "reimbursement for expenses."** Whether the employer "reimburses" the employee for such expenses or furnishes the facilities (such as free lunches or free housing), the amount paid to the employee (or the reasonable cost to the employer or fair value where facilities are furnished) enters into the regular rate of pay as discussed in § 778.116.

*Id* at § 778.217(d) (emphasis added).

5

25.     If the expense payment is primarily for the "benefit or convenience" of the employer, then the analysis shifts to the second step: whether the amount paid by the employer to the employee was reasonable.  This part of the test requires an examination into the reasonableness of the amount of the reimbursement.  Any amount in excess of the actual or reasonably approximate amount of the expense will be included in the regular rate, and due to this inclusion, will be multiplied by one and one half to derive the appropriate amount of overtime.  *See* Wage and Hour Division Opinion Letter, March 10, 1993, *available at* 1993 WL 901152.  These payments must be included in the regular rate because not doing so "would allow employers to 'evade the overtime requirements with ease.'"  *Reich v. Interstate Brands, Corp.*, 57 F.3d 574, 577 (7th Cir. 1995).

26.     Here the payments were for the benefit and convenience of Plaintiff and the FLSA Class Members.  Defendant has provided compensation for vehicles, mileage, cell phones, a per diem, and other activities that only benefit the Plaintiff and Class Members.  Indeed, Plaintiff was paid a per diem even though he worked in the area where he lived.

27.     Further, even if they were not primarily for the benefit and convenience of Plaintiff and the FLSA Class Members, the payments excluded from the regular rate of pay were substantially greater than the actual or reasonable approximation of the Plaintiff's and FLSA Class Members' expenses.  In fact, Defendant paid the per diem regardless of whether or not they actually incurred travel or work related expenses in a given week.  Thus, the per diems bore no reasonable relationship to actual expenses that were incurred.

28.     Under nearly identical facts, "expense reimbursements" and "per diems" have been held to be wages that should have been factored into the regular rate of pay for

purposes of calculating overtime pay. *See Hanson v. Camin Cargo Control,* 2015 WL 1737394 (S.D. Tex. Apr. 16, 2015). In *Hanson*, the Southern District of Texas found that vehicle payments should have been included in the regular rate of pay because the payments averaged approximately $2.00 for every mile driven, which grossly exceeded the IRS mileage reimbursement rate of $0.55 per mile. *See id*. The *Hanson* Court stated: "The court concludes that the car allowance and mileage payments were not reimbursements based on a reasonable approximation of actual expenses, and therefore should have been included in the inspectors' regular rate of pay." *Id*.

29. In this case, for example, when Plaintiff drove 70 miles, he was paid a flat rate of $125 for that distance or approximately $1.80 per mile. Like in *Hanson*, this payment grossly exceeds the IRS mileage reimbursement rate and should have been included in the regular rate of pay for purposes of calculating overtime.

30. Defendant clearly disguised this compensation as expense reimbursements in order to avoid including such compensation in the calculation of the overtime rate. Again, because Defendant failed to include the "per diem" and other expense reimbursements in the overtime calculation, Defendant paid Plaintiff and FLSA Class Members at rates less than what the FLSA mandates.

31. Further, Defendant failed to pay Plaintiff and the FLSA Class Members for all hours worked. Defendant enters into contracts with companies in the telecommunications industry for Defendant to supply workers to such companies. In that contract, there is a number of hours that the customers will pay to Defendant for the work performed by Defendant's employees, including the Plaintiff and FLSA Class Members.

32. However, if the number of hours actually worked by the Plaintiff and FLSA Class Members exceeds the number of hours allocated in the contract, Plaintiff and the FLSA Class Members do not get paid for those additional hours.

33. For example, on October 31, 2017, Plaintiff received an email stating: "Your timesheet for 10/29/2017 has been rejected by House, Patrick." The number of hours he was paid for were 9.25 hours less than what he had worked. Thus, he was not paid for all overtime hours that he worked. This same illegal practice occurred with the FLSA Class Members as well.

34. Although Plaintiff and the FLSA Class Members have been required to work more than forty (40) hours per work-week, and did so frequently, they were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

35. Defendant's method of paying the Plaintiff and the FLSA Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA. Defendant's misclassification was not by accident, but a well thought out scheme to reduce their labor costs. Defendant knew the requirement to pay overtime to its employees, but intentionally and/or recklessly chose not to do so.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

36. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

37. Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

38.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant, Plaintiff, or the FLSA Class Members.

## COLLECTIVE ACTION ALLEGATIONS

39.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

40.     Plaintiff has actual knowledge that the FLSA Class Members have also been denied proper overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's scheme to disguise their wages as expense reimbursements.

41.     Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant.  Plaintiff personally worked with other Field Technicians under the same compensation structure.

42.     Other workers similarly situated to Plaintiff worked for Defendant throughout the United States, but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

43.     Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

44.     Defendant has and continues to improperly classify wage payments as expense reimbursements and in doing so, unlawfully avoids paying the FLSA Class Members time and a half of their regular rates of pay for all hours worked over forty (40).

45. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were not paid time and half of their regular rate of pay for all hours worked over forty (40).

46. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

47. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, and the denial of overtime pay.

48. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of any FLSA Class Member.

49. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the FLSA Class Members.

50. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

51. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

52. Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

53. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> The FLSA Class Members are all current and former Field Technicians, Field Integrators, Field Installers, and all employees in substantially similar positions, paid an hourly rate of pay and a per diem at any time during the three-year period before the filing of this Complaint to the present.

## **PRAYER**

54. For these reasons, Plaintiff prays for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Class Members;

   b. A judgment against Defendant awarding Plaintiff and the FLSA Class Members all their unpaid overtime compensation and liquidated damages;

   c. An order awarding attorneys' fees, interest, expenses, and costs;

   d. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ Don J. Foty
Don J. Foty
Dfoty@kennedyhodges.com
Texas Bar No. 24050022
Fed. Id. 711552
4409 Montrose Blvd., Ste. 200
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEY-IN-CHARGE FOR
PLAINTIFFS AND CLASS MEMBERS